THE CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY v. D. W. GRANT, *as Clerk of Norton County, et al.*

COLLECTION OF TAXES — *Theoretical Injury — Injunction.* A court of equity will not interfere by injunction to prevent an injury which is merely theoretical in its nature, and an error committed by the taxing officers of a county which does not injure or affect the party complaining is no ground for equitable interference with the collection of the taxes.

*Error from Norton District Court.*

ACTION by the *Railroad Company* against the clerk of the county of Norton and others to restrain the increase and collection of certain taxes. Judgment for defendants. The plaintiff company brings the case to this court. The opinion, filed June 8, 1895, states the material facts.

*W. F. Guthrie,* for plaintiff in error.

*C. D. Jones,* county attorney, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J. : The Chicago, Burlington & Quincy Railroad Company owns and operates a railroad in Norton county, and in the year 1894 the railroad property was assessed by the state board of railroad assessors. The other property within the county was assessed by the local assessors, and the assessment so made was subsequently equalized by the county board of equalization. Immediately after the board had completed its labors, the county clerk prepared an abstract of the assessment rolls of the county and forwarded it to the state auditor, who laid the same before the state board of equalization. In equalizing the valuations, in order to determine the amount of state

taxes which each county should contribute, the state board of equalization ordered a reduction of 21 per cent. of the assessed valuations of Norton county, but the valuation of railroad property was found not to be excessive, and was allowed to remain as it was originally assessed by the state board of railroad assessors. A certified report of the action of the state board of equalization was made to the county clerk of Norton county, and at a meeting of the board of county commissioners on August 20, 1894, the county clerk presented the report of the action of the state board of equalization, when it was determined to adopt the reduced valuation as a basis in making the levies for all purposes, and the county clerk was directed to reduce the valuations on the tax-rolls as a basis for local levies. This order, however, had not been entered of record at the time this proceeding was begun. In October the railroad company brought an action against the county clerk and county treasurer to enjoin them from using the reduced basis in the collection of taxes, alleging that the reduction was unauthorized and illegal, and if used would result in an increase of the taxes upon railroad property. The court denied the injunction, and the railroad company complains.

The state board of equalization has undoubted power to correct errors in the valuation of property, and in order to equalize may increase or diminish the assessments made by the assessing officers of the several counties of the state. It is the duty of the auditor to report the action of the state board to the county clerks of the state, and the statute provides that " whenever the valuation of any county is changed by the state board of equalization, the board of commissioners of such county are authorized to use the valuation so fixed by the state board as a basis in making

their levies for all purposes." (Gen. Stat. of 1889, ¶ 7014.)

There is no complaint that the action of the state board was illegal or inequitable, and it is conceded that it was within the discretion and power of the county commissioners to accept the reduced valuation, and adopt it as a basis in making county and all other local levies. It is contended, however, that while the county commissioners are authorized to adopt the valuation made by the state board, they must take it exactly as it was fixed by that board, and any deviation from that basis rendered their action illegal. If that be true, in what way was the railroad company injured? It is true a reduction in the valuation of property other than railroad property correspondingly increases the burden to be placed upon railroad property. A reduction of 21 per cent., however, was authorized by statute, and is confessedly proper and legal. The county commissioners, it appears, ordered a reduction of only 20 per cent. The reason for making a 20 per cent. reduction is not shown, but it is intimated that it was done because there would be less difficulty in the making of computations, and in extending the changed valuation upon the tax-roll. However that may be, it is clear that the railroad company has no cause for complaint. The slight departure from the basis fixed by the state board resulted to the benefit of the company. If the county commissioners had heeded the objection of the company, and had corrected the error by making a reduction of 21 per cent., it would have enhanced the rate and amount of taxes to be charged against railroad property. It is not charged or shown that there was any bad faith or partiality in the action that was taken, and the mistake does not prejudicially affect the rail-

The State, *ex rel.*, v. Regents of the University.

road company. An error in the assessment is no ground for interrupting the tax machinery of the county at the instance of a taxpayer who is not injured by the error. It is not enough that the taxing officers have violated or are about to depart from the strict rules of law in performance of their duties, nor will a court of equity interfere by injunction to prevent a mere theoretical injury. The plaintiff is not authorized to institute proceedings for the protection of the public, and an injury which does not seriously affect nor injure it furnishes no ground for equitable interference.

The judgment of the district court will be affirmed.

All the Justices concurring.