THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY
v. THE BOARD OF COUNTY COMMISSIONERS OF THE
COUNTY OF GEARY et al.

No. 316.*    (58 Pac. 121.)

1. TAXATION—*Railroad Property*—*State Board of Equalization*. The provisions of paragraph 6928, General Statutes of 1889 (Gen. Stat. 1897, ch. 158, § 128; Gen. Stat. 1899, § 7269), requiring the state board of equalization to meet on the second Wednesday in July of each year, and, when organized, to proceed to examine the abstracts of property assessed for taxation in the several counties of the state, including railroad property, which shall be laid before said board by the auditor of state, and equalize the same by directing to be added to the amount of property so assessed in each county, or to be deducted therefrom, such rate per cent. as said board may deem equitable, is in compliance with the requirement of section 1 of article 11 of the constitution of the state that "the legislature shall provide for a uniform and equal rate of assessment and taxation," and is not limited to the purpose of raising state revenue only, but said assessment as so equalized is the basis upon which all taxes, local as well as state, should be levied.

2. ——— *Uniform and Equal Rate*—*Injunction*. Where, by a violation of the provisions of law, one class of taxable property is charged with more than its proper proportion of taxes, an action of injunction is the proper remedy.

Error from Geary district court; O. L. MOORE, judge. Opinion filed July 18, 1899. Reversed.

STATEMENT.

THIS action was begun by the plaintiff in error filing in the court below its petition, alleging as follows :

"This plaintiff complains of the defendants, and for its petition herein alleges and shows to the court that it is a corporation duly and legally organized and incorporated under and by virtue of the laws of the state of Kansas as a railroad corporation, and, as such,

* Reversed by supreme court July 7, 1900.    See 62 Kan. —, 61 Pac. 693.—REP.

it owns and operates a line of railroad commencing at Junction City, in Geary county, Kansas, and runs thence down through the counties of Geary, Morris, Lyon, Coffey, Neosho, Allen, Woodson, and Labette, in the state of Kansas; also a line of road commencing at Kansas City, Mo., and running thence through the counties of Wyandotte, Miami, Linn, Anderson, Allen, and Neosho, to Parsons, Labette county, Kansas; and another line of railroad commencing at the east line of Bourbon county, Kansas, and running thence, through Bourbon, Crawford and Neosho .counties, to Parsons, in Labette county, Kansas, being in the aggregate about 440 miles of railroad owned and operated by the plaintiff herein through the various counties named, in the state of Kansas; that in the county of Geary its line of road through said county consists of about $14\frac{6}{10}$ miles; that on March 1, 1896, all of said property so owned and operated by the plaintiff was assessed by the state board of railway assessors for the purpose of taxation at its true value in money, at the sum or value of $5271 per mile through said county, and that the valuation of said property in said county of Geary was fixed by said board of railway assessors, amounting in the aggregate to the sum of $70,298, and that said board of railway assessors in fixing and determining the value of said railway property for taxable purposes did not value the same at more than its value in money; that the county of Geary is a duly organized county, organized and created under the laws of the state of Kansas as a political subdivision of the state, with power, through its proper officers, to make the necessary levy of taxes and to value and assess for taxation all property in said county, save and except railroad property, which is assessed by the state. board of railway assessors, and over which, for purposes of assessment and taxation, said board of railway assessors has exclusive jurisdiction; that the defendant E. C. Gleason is now, and since July 1, 1896, has been, the duly elected, qualified and acting treasurer of said county, with full power to receive and receipt for the payment of all taxes, and, in case of a failure or re-

fusal to pay the same, to issue his warrants or process to the sheriff of said county for the summary collection of the same, by seizing and selling property.

"This plaintiff further alleges and shows to the court that the amount of state taxes apportioned to the county of Geary by the state auditor is the sum of $9755.98, which amount should have been extended by the county clerk at the proper rate per cent. upon all railroad property, and such rate should be equal and uniform upon all taxable property in said county.

"This plaintiff further alleges and shows to the court that the various township and city assessors in said county duly listed and assessed all the property of said county except railroad property, and made return thereof to the county clerk, showing in the aggregate that the total value of all taxable property was the sum of $2,119,416, which said total sum of $2,119,416 this plaintiff alleges and shows to the court was ten per cent. below its actual value in money; that the county clerk of said county has duly abstracted and compiled the returns of said township and city assessors in said county, so made by them of all property subject to taxation in said county except railroad property, and transmitted said abstracts or assessments to the state auditor; that said returns of said assessors, so made by them as aforesaid, were by the state auditor laid before the state board of equalization for the purpose of equalizing and adjusting the same, as it is authorized and empowered to do, and, in adjusting and equalizing the returns of said assessors, the state board of equalization, in order to equalize and make uniform the burden of taxation, raised the valuation of all said property in said county ten per cent. of the amount returned by said assessors, as shown by the abstracts forwarded by the county clerk of said county to the state auditor, and apportioned to said Geary county the aforesaid sum of $9755.98. as its true proportion of state taxes which should be extended upon said valuation as increased by said state board of equalization; but the county clerk, with the knowledge and consent of defendants herein, the board of county commissioners of said county, neglected

Railway Co. v. Geary County.

and refused to obey said order of the state board
of equalization, and instead of increasing the valua-
tion of all of said property except railroad prop-
erty ten per cent., as ordered by the state board of
equalization, increased the rate of levy for state pur-
poses upon all property ten per cent., thereby making
the rate for state purposes upon all property, except
railroad property, 50 cents on each $100, and upon
railroad property the rate for state purposes was by
the county clerk of said county extended at 42½ cents
on each $100, and the valuation of railroad property
as fixed by the state board of assessors remained un-
changed, and the valuation of all other property in
the county as returned by the township and city
assessors remained unchanged, notwithstanding the
order of the state board of equalization to increase
the same ten per cent., so that as to all taxes the
plaintiff is assessed upon all its property at its true
value in money, thereby making this plaintiff pay
taxes upon a valuation ten per cent. higher than any
other property is assessed for taxable purposes in said
county, and thereby making it pay for school district,
township, city and county purposes ten per cent.
more taxes in proportion to the value of its property
than is paid upon any other property in said county,
which is an unjust discrimination; that on the 19th
day of December, 1896, and prior to the commence-
ment of the action, this plaintiff paid to the said de-
fendant E. C. Gleason, as treasurer of said county,
the sum of $2399.78, being the full amount of taxes
for which it is in any way liable, and refuses to pay
the sum of $259.53, which is the amount due upon the
excess of its valuation as herein shown.

"This plaintiff further alleges and shows to the
court that notwithstanding the fact that it paid to said
defendant E. C. Gleason, as treasurer of said county,
all the taxes for which it is legally liable, and all taxes
assessed and charged to it upon its property in said
county, except the sum of $259.53 which is the excess
and illegal portion of the taxes charged against and
upon said property in said county, yet he, said E. C.

Gleason, treasurer of said county, is now threatening and intending to add to the taxes of this company a penalty of five per cent. because the same has not been paid, and is threatening and intending to issue his warrant for the collection of all said taxes from this plaintiff, which this plaintiff herein alleges to be illegal and for which it is not liable being included in the amount demanded by him, the said E. C. Gleason, treasurer of said county, and the said E. C. Gleason, unless restrained by order of the court, will issue his warrant for the collection of said taxes and will cause said taxes to be collected from the property of this plaintiff; that the only property this plaintiff has from which said taxes can be collected is its rolling-stock, consisting of engines, freight and passenger coaches and stock cars, and such property as is incident to the operation of railroads, and that the issuance of said warrants by said treasurer, and the attempt to collect the full amount of said taxes from any of the property of this plaintiff, would entail upon this plaintiff great and irreparable damage for which it has no adequate remedy at law, and would cause this plaintiff great inconvenience and heavy costs and expenses.

"Wherefore, this plaintiff prays that a temporary injunction be issued restraining the defendants, and each of them, from collecting or attempting to collect from this plaintiff the aforesaid sum of $259.53 charged against it as taxes upon its property in Geary county, Kansas, and that upon the final hearing of. this cause said injunction be made perpetual, and that said defendants, and each of them, be forever enjoined and restrained from collecting or attempting to collect any portion of said sum of $259.53 so levied and assessed against the property of this plaintiff as hereinbefore said, and that this plaintiff have such other and further relief as in equity it shall be entitled to receive."

To this petition a demurrer was filed by the defendants, upon the ground that it does not state facts sufficient to constitute a cause of action. This de-

Railway Co. v. Geary County.

murrer was sustained by the court, and the case is brought here for review upon the record.

*T. N. Sedgwick*, for plaintiff in error.

*W. S. Roark*, for defendants in error.

The opinion of the court was delivered by

WELLS, J. : The main question in controversy in this case is well stated by the defendants in error as follows; "Are the local authorities required by law to adopt the equalized valuation fixed by the state board of equalization as the basis upon which all local taxes are extended, or merely as the basis upon which state revenues are levied?"

Section 1 of article 11 of the constitution of the state contains the following: "The legislature shall provide for a uniform and equal rate of assessment and taxation."

Paragraph 6871, General Statutes of 1889 (Gen. Stat. 1897, ch. 158, § 97; Gen. Stat. 1899, § 7210), provides for the assessment of the railroad property of the state for purposes of taxation.

Paragraph 6885, General Statutes of 1889 (Gen. Stat. 1897, ch. 158, § 11; Gen. Stat. 1899, §7224), reads :

"The trustee of each township, by virtue of his office, shall be township assessor, and charged with the duty of listing and returning all property subject to taxation in his township in the manner provided in this act."

Paragraph 6886, General Statutes of 1889 (Gen. Stat. 1899, §7225), reads :

"The mayor and common council of all cities of the first and second class shall, at their first regular meeting in February of each year, appoint an assessor, whose duties and powers shall be the same as prescribed by law for township assessors." ·

Paragraphs 6921 and 6922 (Gen. Stat. 1897, ch. 158, §§ 92, 93 ; Gen. Stat. 1899, §§ 7262, 7263) provide for the formation and duties of a county board of equalization.

Paragraph 6927, General Statutes of 1889 (Gen. Stat. 1897, ch. 158, § 127 ; Gen. Stat. 1899, § 7268), reads as follows :

" The state board of equalization shall consist of the secretary of state, state auditor, and state treasurer."

The first part of paragraph 6928, General Statutes of 1889 (Gen. Stat. 1897, ch. 158, § 128 ; Gen. Stat. 1899, § 7269), reads as follows :

" It shall be the duty of said board to assemble at the state capitol on the second Wednesday in July, in the year eighteen hundred and seventy-six, and of each year thereafter, and when duly organized as hereinafter provided to then and there proceed to examine the abstracts of property assessed for taxation in the several counties of the state, including railroad property, which shall be laid before said board by the auditor of state, and shall equalize the same by directing to be added to the amount of property so assessed in each county, or to be deducted therefrom, such rate per cent. as said board may deem equitable ; but said board shall not reduce the aggregate amount."

From this it appears to us that not only does the constitution of the state require a uniform and equal rate of assessment and taxation, but the legislature, in obedience thereto, has provided the necessary machinery and rules for accomplishing the required object, so far as the assessment is concerned, by providing (1) for the assessment of railroad property ; (2) for the assessment of the property other than that of railroads in the several townships and cities of the counties of the state ; (3) for equalizing the assessment of the townships and cities of the county ; and (4) for

equalizing the assessment of the various counties of the state.

Each of these provisions seems to us to be directed toward the accomplishment of the requirement of the constitution that the legislature shall provide for a uniform and equal rate of assessment of the taxable property of the state, and does give to the state board of equalization express power to equalize the assessments of the several counties of the state without limiting said equalization to the levies of state taxes only.

It is contended by the defendant in error that the fact that the county clerk is required by paragraph 6930, General Statutes of 1889 (Gen. Stat. 1897, ch. 158, § 130; Gen. Stat. 1899, §7271), to determine the rate per cent. necessary to raise the taxes required for state purposes, is an indication of a purpose to enable the county clerk indirectly to adopt the valuation for state purposes without having actually to change the valuation as extended upon his books.   The apparent force of this argument will be considerably diminished by eliminating from the report of the auditor, as it appears in the record, all parts thereof not required by law.

The concluding portion of paragraph 6928 reads:

"The said board of equalization shall apportion the amount of tax for state purposes as required by law to be raised in the state among the several counties therein, in proportion to the valuation of the taxable property therein for the year as equalized by the board."

Paragraph 6929 provides that the auditor shall report the action of said board to the several county clerks.   It will be noticed that the amount and not the rate is to be certified to the clerk.

The remaining question in this case is : Admitting that the allegations of plaintiff's petition are true, and also that the valuation of the taxable property of the state, as equalized by the state board of equalization, is the basis upon which all taxes, state and local, should be based, is the plaintiff entitled to the injunction prayed for? It is claimed by the defendants in error that irregularities which are not the result of fraud, and which do not require the complainant to.pay more tax than is legally due, are not a valid reason for an injunction. In support of this proposition, and also of the one hereinbefore discussed, we are referred to *C. B. & Q. Rld. Co. v. Grant*, 55 Kan. 386, 40 Pac. 654. The language used in this and one or two other cases in our supreme court seems to indicate views antagonistic to the conclusion hereinbefore reached upon the first question herein discussed, but that question was not at issue in those cases, and the language used was simply *dictum* of the justice who wrote the opinion, presumably without argument or any careful consideration of the question. In the case last cited, the valuation of the property of Norton county, other than that of railroads, was reduced by the state board of equalization twenty-one per cent., and, by order of the county commissioners, all taxes were levied upon the basis of a reduction of twenty per cent. only, instead of twenty-one, as fixed by the state board. The concluding portion of this opinion is as follows :

"In what way was the railroad company injured? It is true a reduction in the valuation of property other than railroad property correspondingly increases the burden to be placed upon railroad property. A reduction of twenty-one per cent., however, was authorized by statute, and is confessedly proper and legal. The county commissioners, it appears, ordered

a reduction of only twenty per cent. The reason for making a twenty-per-cent. reduction is not shown, but it is intimated that it was done because there would be less difficulty in the making of computations, and in extending the changed valuation upon the tax-roll. However that may be, it is clear that the rail-road company has no cause for complaint. The slight departure from the basis fixed by the state board resulted to the benefit of the company. If the county commissioners had heeded the objection of the company, and had corrected the error by making a reduction of twenty-one per cent., it would have enhanced the rate and amount of taxes to be charged against railroad property. It is not charged or shown that there was any bad faith or partiality in the action that was taken, and the mistake does not prejudicially affect the railroad company. An error in the assessment is no ground for interrupting the tax machinery of the county at the instance of a taxpayer who is not injured by the error. It is not enough that the taxing officers have violated or are about to depart from the strict rules of law in performance of their duties, nor will a court of equity interfere by injunction to prevent a mere theoretical injury. The plaintiff is not authorized to institute proceedings for the protection of the public, and an injury which does not seriously affect nor injure it furnishes no ground for equitable interference."

In the case before us the state board of equalization ordered an increase of the valuation of the taxable property of the county, other than railroads, ten per cent. This, if complied with, would have resulted in the railroad company being required to contribute a smaller proportion of the burden of the county, township, city and school-district expenses, and, under the reasoning of the supreme court above quoted, would entitle the plaintiff to the relief prayed for.

The judgment of the district court will be reversed, and said court directed to overrule the demurrer and

proceed with the trial of the case in harmony with the views herein expressed.

McELROY, J., concurring.

MAHAN, P. J., dissenting.